UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | Cr. No. 10-018 (JDB) |
| V. | : | |
| RAMIRO ANTURI LARRAHONDO | : | |
| Defendant. | : | |

### DEFENDANT ANTURI'S MEMORANDUM IN AID OF SENTENCING

### INTRODUCTION

Defendant Ramiro Anturi respectfully asks this Court to accept the agreed upon sentence contained in the Plea Agreement tendered by the parties in this case. The defense believes that the fifty-five (55) month term of incarceration provided for in the plea agreement satisfies the "overarching goal" that the sentence imposed by this Court will be "sufficient, but no greater than necessary" to punish and deter. Kimbrough v. United States, 552 U.S. 85, 101 (2007). In addition, the defense respectfully requests that this Court indicate on the Judgment and Commitment Order that the defendant: (1) receive credit for time served from the date of his arrest on February 9, 2010; and (2) be designated to a minimum security federal prison pending his ultimate deportation back to Colombia.

### ANALYSIS

1. The Agreed Upon Sentence Is Reasonable Under The
   Unique Circumstances Presented By Anturi's Case

In this case, the prosecution and the defense negotiated a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which permits the parties to agree that a particular sentence is appropriate, subject to judicial approval. Freeman v. United States, 131 S.Ct. 2685, 2692 (2011). The defense agrees that pursuant to the terms of the Plea Agreement,

1

the presumptive guideline range is level 29, which corresponds to a sentence of between 87 to 108 months. While a district court should look to the presumptive guideline range in deciding whether to accept the plea agreement, the law in this circuit is clear that Rule 11(c)(1)(C) "countenances agreed upon sentencing falling outside of the otherwise applicable guideline range." United States v. Godall, 236 F.3d 700, 705 (D.C. Cir. 2001). Accord Bedewi v. United States, 583 F.Supp.2d 72, 78 (2008). Accord Casseday v. United States, 763 F.Supp.2d 42, 48 (D.D.C. 2011)(agreed upon sentence may depart from Guidelines for justifiable reasons).

In this case, defendant Anturi's conduct was both qualitatively and quantitatively different from that of his co-defendants. By its express terms, the Statement of Facts in this case provides that defendant Anturi was not involved in "producing, selling, transporting, or purchasing cocaine." See DE 284 at para. 9. Rather, the defendant admitted that his conduct aided the actual drug trafficking activities of the co-defendants. Moreover, by entering a guilty plea and admitting to these facts, the defendant not only saved the Government an extraordinary amount of time and energy, but he also effectively waived significant defenses to the charges against him. Indeed, despite the lengthy discourse of facts in the Government's sentencing memorandum, the defendant admits only those limited facts contained in the documents submitted to the court in support of the plea agreement.

Under the totality of circumstances, the agreed upon sentence satisfies the goals of the federal sentencing statute set forth in 18 U.S.C. Section 3553(a).

2. The Defendant Should Receive Credit For Time Served While
   Awaiting Extradition After His Arrest In Colombia, South America

The Plea Agreement in this case states that Anturi should receive credit for time served since the date of his arrest on February 9, 2010. See DE 285 at para. 10. This is consistent with the provisions of 18 U.S.C. Section 3585, the statute that governs computation of a federal

inmate's sentence. The statute provides that a defendant shall receive credit for time served in custody as the result of the federal charge. In this case, defendant Anturi was arrested in Colombia on February 9, 2010 and has remained continuously incarcerated.

In the experience of undersigned counsel, in a case involving the arrest and extradition of a foreign national to the United States, the inclusion of information concerning when a defendant was first arrested on the federal charge in the Judgment and Commitment Order facilitates the computation of the sentence and release date by the Bureau of Prisons. For this reason, the defense respectfully requests that the Court include this information in the sentencing document(s) for defendant Anturi.

3.  The Defense Requests a Minimum Security Federal Prison Designation

The U.S. Bureau of Prisons (BOP) has the ultimate authority for determining the appropriate designation of federal inmates committed to its custody. In making this determination, however, the BOP is obligated by statute to consider any statement made by the sentencing judge regarding the purpose for which the sentence was imposed and any recommendation concerning the appropriate type of prison facility. 18 U.S.C. Section 3621(b)(4).

Several reasons support the request for designation to a minimum-security federal prison. First and most importantly – the defendant is a non-violent offender. As the Court knows, Ramiro Anturi is a former Colombian prosecutor, who also worked for many years for Colombian law enforcement agencies. Although he pled guilty to a narcotics trafficking offense, his role was outside the confines of the actual drug trafficking. The defendant has no prior criminal history and there has never been any assertion by the prosecution that he was involved in any violent conduct. Indeed, the Government has admitted that defendant Anturi does not pose

a risk of danger to the community. See DE 245 (Gov. Opp. Defendant Anturi Motion For Pretrial Release at p.10).

This request is also supported by the fact that the defendant has only a short period of additional confinement left to serve before being deported back to Colombia. Since his arrival in the United States, Anturi has been confined in the D.C. jail – an antiquated, largely overcrowded facility, with a population of mostly inner city youths incarcerated pending trial for violent felony charges. Moreover, since February of 2012, the defendant has been subjected to more onerous conditions of confinement because the prosecution requested a separation order between Anturi and his co-defendants. The Government's request caused Anturi to lose his prison job teaching other inmates and he was transferred to a more remote and dangerous section of the jail. As a matter of equity these circumstances also support the defense request for a federal designation.

Finally, defendant Anturi is the type of person who would make good use of his time in a federal prison to prepare for his reintegration into society. The defendant waived his right to request a so-called "Smith departure," – which is essentially a sentence reduction because foreign nationals are not eligible for placement in a halfway house before the completion of their sentence. Nonetheless, the job of this court in fashioning an appropriate sentence should include an opportunity for this defendant to help himself.  In the collective experience of defense counsel, placement in a federal minimum security level facility would give Anturi time to adjust to his return to Colombia and the life he left behind, which is now lost to him forever.

## CONCLUSION

For all these reasons, the defense respectfully requests that this Court accept the terms of

the Plea Agreement and sentence the defendant in accordance with the recommendations contained herein.

        Respectfully submitted

*Robert Feitel*

_____
Robert Feitel, Esquire
Sandi S. Rhee, Esquire
Robert Spelke, Esquire
1614 20th Street, N.W.
Washington, D.C.  20009
D.C. Bar No. 366673
202-450-6133 (office)
202-255-6637 (cellular)
RF@RFeitelLaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was sent, via the Electronic Filing System to Steven Sola, Mark Maldonado, Stephen May, Trial Attorneys, United States Department of Justice Narcotic and Dangerous Drug Section, 1400 New York Avenue, N.W. Washington, D.C., and all defense counsel, this 25th day of November, 2012.

*Robert Feitel*

_____

Robert Feitel